[Cite as *Rann v. Maish*, 2026-Ohio-2897.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James Rann,                                        :

      Plaintiff-Appellee,                      :

                                         No. 25AP-656

v.                                                 :         (C.P.C. No. 16JU-13549)

Bethany Maish,                                     :         (REGULAR CALENDAR)

      Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on July 28, 2026

---

**On brief:** *E.R. Werner Legal, LLC*, and *Elizabeth R. Werner*, for appellant. **Argued:** *Elizabeth R. Werner*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

JAMISON, J.

{¶ 1} Defendant-appellant, Bethany Maish, appeals from the July 16, 2025 decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, following remand from this court. For the following reasons, we reverse, in part, the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter is before this court on appeal from the decision and judgment entry issued by the trial court following our remand of the matter in *Rann v. Maish*, 2025-Ohio-1744 (10th Dist.) ("*Rann I*"). In that decision, we set forth the following facts and procedural history of this matter:

> Appellant and appellee have never married. They have one minor child together who was born April 23, 2014. The parents have been in litigation over custody of the child and related

disputes since appellee initially filed a complaint for custody on December 23, 2014. . . .

On July 27, 2018, a magistrate's decision ordered appellee to pay child support in the amount of $410.65 per month if private health insurance was in effect, or $326.52 per month in child support plus $124.61 per month in cash medical support if private health insurance was not in effect. This same July 27, 2018 magistrate's decision also allocated a dependent child tax exemption to appellant in even-numbered years and to appellee in odd-numbered years.

Eventually, the magistrate held a trial on five non-consecutive days: November 15, 2021, March 9 and 21, 2022, and July 15 and 18, 2022. On June 27, 2023, the magistrate entered a decision that in relevant part ordered the following: (1) named appellant the sole residential parent and legal custodian of the minor child, (2) kept appellee's child support obligation at the same level as ordered in the July 27, 2018 magistrate's decision, (3) deviated appellee's cash medical support to zero, instructed both appellant and appellee to provide health insurance, and split evenly any extraordinary medical expenses of the child, and (4) continued the yearly alternation of the dependent child tax exemption. The magistrate asserted it maintained the 2018 child support order because the parties failed to present sufficient financial evidence to support a revision of the existing child support order. On July 11, 2023, appellant filed objections to the magistrate's decision. On July 28, 2023, appellee filed a memorandum contra appellant's objections and cross objections to the magistrate's decision. On November 3, 2023, appellant filed supplemental objections to the magistrate's decision, and, also on November 3, 2023, appellee filed a memorandum contra appellant's supplemental objections and a cross objection. Appellant's supplemental objections filing included, among others, assertions of error in the magistrate's decision to (1) extend the child support order from July 27, 2018, (2) allocate responsibility for cash medical support and extraordinary medical expenses, and (3) alternate the parties' dependent-child tax exemption status. The trial court held a hearing on the objections to the magistrate's decision on November 14, 2023. On May 9, 2024, the court largely approved and adopted the June 27, 2023 magistrate's decision.

*Rann I* at ¶ 2-4.

{¶ 3}   Appellant alleged the following assignments of error on appeal:

[I.] The erroneous conclusion that there was not sufficient "current" evidence to review and establish child support obligations, is an abuse of discretion.

[II.] It was an abuse of discretion to maintain a stale child support guideline.

[III.] The Trial Court erred when it did not issue an equitable child support orders [sic] and/or set child support orders that were in the best interest of the child.

[IV.] It was improper to order the repayment of uncovered medical costs under the revised 3119.30, while maintaining cash medical under the prior version of R.C. 3119.30.

[V.] The Court erred in allocating the right to claim the child for tax purposes to the non-custodial parent.

*Id.* at ¶ 6.

{¶ 4}   In our May 15, 2025 decision, we overruled appellant's first three assignments of error. *Id.* at ¶ 15. We sustained her fourth assignment of error "insofar as it allege[d] error in the allocation of responsibility for the child's cash medical support[.]" *Id.* We sustained her fifth assignment of error, finding that the trial court abused its discretion by failing to consider the statutory factors for the best interest of the child in assigning the dependent-child tax exemption. *Id.* at ¶ 14. Thus, we remanded the matter for the trial court to consider those factors. *Id.* at ¶ 15.

{¶ 5}   Following remand, the trial court issued a decision and judgment entry on July 16, 2025. In that decision, the trial court reviewed the factors for dependent-child tax exemption allocation contained in R.C. 3119.82. The court found that the parties did not present any evidence on net tax savings. As for the financial circumstances and needs of the parents and child, the court found that in 2018, appellant received social security benefits and rental income in the amount of approximately $100,000. In 2018, appellee was employed full-time and earned $47,840. The trial court noted that the parties would share equally any uninsured medical expenses. The minor child had special needs and participated in many extracurricular activities and therapies. The court pointed out that appellee was ordered to pay child support.

{¶ 6}   Regarding the amount of time the child spent with each parent, appellant was the residential parent and legal custodian. Appellee had parenting time every other

weekend and two hours midweek during the school year. During the school year, the parties shared week-to-week parenting time. The trial court found that neither parent was eligible for the federal income tax credit. Finally, the court found that, so long as appellee was current on his child support, the minor child would benefit from maximizing the amount of money in each home on an alternate basis.

{¶ 7} Ultimately, the trial court ordered that the parties alternate claiming the minor child for tax purposes with appellee receiving odd-numbered years and appellant receiving even-numbered years. Appellee's right to claim the child for tax purposes was conditioned upon him remaining current in his child support obligation.

{¶ 8} It is from this decision that appellant now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court errors:

> [1.] The trial court abused discretion by finding that Rann provided the necessary financial evidence to consider allocating the right of the custodial parent to claim the child to the noncustodial parent.

> [2.] Even if there was financial evidence to consider, the decision was arbitrary and unreasonable because the factors did not support the conclusion that the non-custodial parent should claim the child for tax purposes.

> [3.] The trial court's use of the claiming the child for tax purposes as a reward for following is not a standard this court should uphold as it is not equitable, just or in the child's best interest.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 10} "An appellate court reviews a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard." *Mohammed Habib v. Hawa Shikur*, 2018-Ohio-2955, ¶ 38 (10th Dist.). An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Most decisions involving abuses of discretion are unreasonable, as opposed to unconscionable or arbitrary. *Aetna Better Health, Inc. v. Colbert*, 2012-Ohio-6206, ¶ 21 (10th Dist.). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*. Furthermore, "[w]hen reviewing

an assignment of error for an abuse of discretion, an appellate court may not merely substitute its judgment for that of the trial court." *Asbanyoli v. Haddadin*, 2024-Ohio-170, ¶ 11 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 11} In her first assignment of error, appellant alleges that the trial court erred in allowing appellee to claim the minor child for tax purposes in alternating years where the record lacked the necessary financial information. Pursuant to R.C. 3119.82, when a court issues a child support order, it shall designate which parent may claim the children as dependents for federal income tax purposes. The court may permit the non-residential parent to claim the children as dependents for federal income tax purposes *only* if the court determines it is in the best interest of the children. In making this determination, the court *shall* consider any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children. R.C. 3119.82.

{¶ 12} "The Internal Revenue Code creates a presumption in favor of the custodial parent in the allocation of the federal income tax dependency exemption." *Burns v. Burns*, 2012-Ohio-2850, ¶ 27 (12th Dist.). The burden is on the non-residential parent to produce competent and credible evidence to show that allocating the dependency exemption to the non-residential parent would be in the best interest of the child. *Serra v. Serra*, 2016-Ohio-950, ¶ 37 (10th Dist.).

{¶ 13} Three of the four specific factors the trial court is required to consider in allocating child dependency tax exemptions relate to the financial circumstances of the parties. R.C. 3119.82. In *Rann I*, we found that the financial data in the record was "outdated" for purposes of calculating child support. *Rann I* at ¶ 9. Upon remand, the trial court did not receive new evidence. Instead, it relied on the existing, outdated financial data to determine what tax exemption allocation was in the best interest of the child. In fact, the trial court used data from 2018, more than six years prior to its decision, to support its ultimate conclusion. The trial court's decision fails to explain how financial data that was too stale to recalculate child support was sufficient to award appellee the tax

dependency exemption in alternating years. *Pallone v. Pallone*, 2017-Ohio-9324, ¶ 44 (10th Dist.) (the trial court did not abuse its discretion in awarding tax exemption to the custodial parent where there was a lack of evidence as to the best interest of the children); *Lawrence v. McCraw*, 2011-Ohio-6334, ¶ 15 (9th Dist.) (the trial court erred in awarding tax exemption to the non-residential parent without current financial data in the record to support it).

{¶ 14} The trial court allocated the tax exemption in alternating years "to maximize dollars in each home." (July 16, 2025 Decision & Judgment Entry at 2.) However, it fails to explain how its allocation accomplishes that goal. In fact, it explicitly found there was no evidence presented regarding net tax savings. If the trial court had no evidence regarding tax savings before it, it follows that it would not be able to allocate the tax exemption in a manner that maximizes the dollars in each home. Given the lack of current financial information in the record and that it was appellee's burden of proving allocating him the tax exemption was in the best interest of the child, it was unreasonable for the trial court to grant him the exemption in alternating years. Thus, the trial court abused its discretion in that regard.

{¶ 15} Based on the foregoing, we sustain appellant's first assignment of error. Because appellant's remaining assignments of error each pertain to the trial court's allocation of the tax exemption, our resolution of appellant's first assignment of error renders them moot. *Grundey v. Grundey*, 2015-Ohio-1469, ¶ 22 (10th Dist.).

## V. CONCLUSION

{¶ 16} Having sustained appellant's first assignment of error, the trial court's order allowing appellee to claim the minor child for tax purposes in alternating years is reversed in part. In light of our resolution of appellant's first assignment of error, her remaining assignments of error are rendered moot. This matter is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, for further proceedings consistent with this decision.

*Judgment reversed in part;*
*cause remanded.*

DORRIAN and LELAND, JJ., concur.